# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| Damon Kyle Jones, *Debtor* ) | |
| ) | Case No. 22-41154-can11 |
| Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto, *Creditor* ) | |
| ) | Chapter: 11 |
| vs. ) | |
| ) | |
| Damon Kyle Jones, *Debtor* ) | |

### CONDITIONAL ORDER RESOLVING MOTION FOR RELIEF FROM STAY WITH CURATIVE PROVISIONS

NOW, on this day, December 21, 2022, this matter comes before the Court for hearing upon the Motion of Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto, its subsidiaries, affiliates, predecessors in interest, successors or assigns, ("Creditor"), For Relief from the Automatic Stay. The appearances are Wendee Elliott-Clement, of the firm of SouthLaw, P.C.; and Damon Kyle Jones by Ryan A Blay. The Court makes the following findings:

1. A motion for order granting relief from stay was filed on November 21, 2022, and copies were mailed to Trustee and to Debtor and counsel for Debtor. Proper notice with an opportunity for hearing on the motion for relief was served on all interested parties.

2. Creditor claims an interest in the personal property described as follows: 2018 Chevrolet Colorado - 1GCGTCEN0J1271504

3. Debtor acknowledges and the Court finds that he failed to make certain post-petition payments due under the Contract described in Creditor's motion. Debtor is due for $3,425.08 of Pre-Petition Arrears and Post-Petition due for (3) payments of $585.56 each (10/11/22 – 12/11/22), for a total due of $5,181.76. The Court further finds that this constitutes sufficient cause pursuant to 11 U.S.C §362(d) to lift the Automatic Stay.

4. Notwithstanding Finding number three of this Order, the parties consent and agree to the terms and conditions of this stipulation in full and complete settlement of the Motion for Relief from

United States Bankruptcy Court
In re: Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto v. Damon Kyle Jones
Case No. 22-41154-can11
Chapter 11
Conditional Order Resolving Motion for Relief From Stay
Page 2

Automatic Stay.

5. The Debtor agrees to abide by the terms of this agreement and further agrees to cure the post-petition arrearage according to the following payment schedule:

6. Debtor will pay the pre-petition arrearage plus the October 11, 2022 and November 11, 2022 post-petition payments on December 31, 2022.

7. Debtor also agrees to make the on-going post-petition payments when due and as called for under the terms of the Contract beginning with the January 11, 2023, payment. Debtor acknowledges that these regular on-going payments are **in addition to** the payments on the arrearage indicated in Finding number five of this Order.

8. All payments under this agreement shall be paid directly to Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto. Once the arrearage has been paid in full, Debtor shall revert to making the normal current monthly payments when due and as called for under the terms of the Contract. Time is of the essence to all payments.

9. Should Debtor fail to make **any** of the payments called for above, Creditor shall be then entitled to immediately notify the Court, Debtor, Debtor's counsel and Trustee in writing, of the delinquency. If Debtor fails to fully cure the delinquency within ten (10) days of the date of the notification, Creditor shall then be entitled to immediate relief from the automatic stay of 11 U.S.C. §362 (a) without the necessity of further hearing or action of Court and Creditor will then submit a final Order Granting Relief from Stay.

10. Furthermore, Debtor and Creditor agree that if Debtor, at any time after execution of this Conditional Order, converts this Chapter 13 bankruptcy case to a case under Chapter 7, Creditor shall be then entitled to immediately notify the Court, Debtor(s), Debtor's counsel and Trustee in writing, of the

File No. 237335
Case No: 22-41154-can11

United States Bankruptcy Court
In re: Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto v. Damon Kyle Jones
Case No. 22-41154-can11
Chapter 11
Conditional Order Resolving Motion for Relief From Stay
Page 3

contractual delinquency. If the Debtor fails to fully cure the contractual delinquency within ten (10) days of the date of the notification, Creditor shall then be entitled to immediate relief from the automatic stay of 11 U.S.C. §362 (a) without the necessity of further hearing or action of Court and Creditor will then submit a final Order Granting Relief from Stay.

**IT IS THEREFORE ORDERED, ADJUDGED, AND AGREED** that the above findings shall become orders of this Court

**IT IS SO ORDERED.**

Dated: December 28, 2022         /s/ Cynthia A. Norton
                                 CYNTHIA A. NORTON
                                 United States Bankruptcy Judge


SOUTHLAW, P.C.

 s/ Wendee Elliott-Clement
Steven L. Crouch (MBE #37783; EDMO #2903; KSFd #70244)
Wendee Elliott-Clement (MBE #50311; KS #20523)
Daniel A. West (MBE#48812; EDMO #98415; KSfd#70587)
Hunter C. Gould (MBE #65355; #KSFd #78608)
13160 Foster Suite 100
Overland Park, KS 66213-2660
(913) 663-7600
(913) 663-7899 Fax
mobknotices@southlaw.com
**ATTORNEYS FOR CREDITOR**

 s/ Ryan A. Blay
Ryan A Blay (KS#28110, MO #KS-001066)
WM Law
15095 W 116th St
Olathe, KS 66062
**ATTORNEY FOR DEBTOR**

File No. 237335
Case No: 22-41154-can11