**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| IN RE: ) | Case No. 22-41154-can11 |
| DAMON KYLE JONES, ) | |
| DEBTOR. ) | |

## DEBTOR'S INITIAL CHAPTER 11 PLAN OF REORGANIZATION

### PLAN ARTICLE 1 - DEFINITIONS

The following terms shall apply throughout the Plan and, unless the content otherwise requires, shall have the following meanings:

1.1     DEBTOR- Damon Kyle Jones, the Debtor in the underlying and above-captioned bankruptcy case.

1.2     CREDITORS- Any and all creditors of the Debtors holding claims for unsecured debt, liabilities, demands, or claims of any characters whatsoever, including any under-secured creditors.

1.3     SECURED CREDITORS-All creditors who hold a lien, security interest or other encumbrance which has been properly perfected, as required by law with respect to the property owned by the Debtor, prior to the filing of this case, or thereafter as authorized and ordered by the Court.

1.4     PRIORITY CREDITORS- All creditors who are deemed a priority under Section 507 of the Bankruptcy Code.

1.5     PLAN-Debtor's proposed reorganization plan in its present form or as it may be amended or supplemented from time to time hereafter.

1.6     COURT- United States Bankruptcy Court for the Western District of Missouri including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

1.7     CLAIM- A duly listed or timely filed claim which is allowed and ordered paid by the Court.

1.8     EFFECTIVE DATE- Fourteen (14) days after the date on which the order confirming the Plan become final and non-appealable.

1.9     ADMINISTRATIVE EXPENSES-Claims against the Debtor arising under 11 U.S.C. § 503(b) and entitled to priority pursuant to U.S.C. § 507(a)(1) and allowed by the Court.

### PLAN ARTICLE 2
### CLASSIFICATION OF CREDITORS AND INTERESTS

2.1     **CLASS 1**- Costs and administration expenses, as defined in the Bankruptcy Code, for which application has been made, provided said costs and expenses are allowed, approved and ordered paid by the Court. Such costs include all pre-confirmation fees payable under 28 U.S.C § 1930, which either have been paid or shall be paid on the effective date of the Plan, and all post-confirmation fees as required by law.

The Debtor estimates that payments on post-confirmation attorney's fees will be $300 per month for 30 months, commencing with payments in June 2023.  This is exclusive of any funds currently held in trust and counsel will file an application for court approval of fees to be paid.

2.2     **CLASS 2**- Secured Claim of <u>Wells Fargo Auto</u> (2018 Chevrolet Colorado) (impaired)

Class 2 consists of the first secured claim for <u>Wells Fargo Auto</u> (Claim 3), concerning the 2018 Chevrolet Colorado vehicle that is Mr. Jones' primary vehicle. This car loan will be paid off during the first 55 months of Debtor's Plan. The monthly payment, balance and interest rate is as follows:

1

Approximate $25,653.00 balance, interest rate of 6.0%, monthly payment of $585.86, 52 payments beginning in June 2023.

**Wells Fargo Auto shall retain its lien on the collateral to the extent of the allowed amount of such claim pursuant to 11 U.S.C. §1129(b)(2)(A)(i).**

**Any prepetition adequate protection payments made by the Debtor shall be applied to the amount owed on the secured claim filed by Wells Fargo Auto.**


2.3    **CLASS 3-** Secured Claim of <u>Nebraska Furniture Mart</u> (PMSI on Household Goods) (Impaired)

Class 3 consists of the second secured claim for Nebraska Furniture Mart (Claim 1) concerning various Household Goods purchased by the Debtor. Debtor will pay this secured portion off during the first 48 months of Debtor's Plan as follows:

Approximate $1,233.80 balance, interest rate of 6.0%, monthly payment of $28.98, 48 payments beginning in June 2023.

**Nebraska Furniture Mart shall retain its lien on the collateral to the extent of the allowed amount of such claim pursuant to 11 U.S.C. §1129(b)(2)(A)(i).**

2.4    **CLASS 4** - Priority Claim of the <u>Internal Revenue Service</u> (impaired)

Class 4 consists of the priority claim for Internal Revenue Service (Claim 2, most recently amended on March 9, 2023. This claim consists of obligations from the tax years 2020 and 2021 and will be paid during the first 48 months of Debtor's Plan. The monthly payment, balance and interest rate is as follows:

$11,562 balance, interest rate of 6%, monthly payment of $271.53, 48 payments beginning in June 2023

Should obligations for any 2022 income tax liabilities be assessed pre-confirmation, the Debtor will use the funds from his stock options he recently converted to cash to pay this liability in full.


2.5    **CLASS 5** - Secured Claim of <u>North American Savings Bank, FSB</u> (Unimpaired)

Class 5 consists of the secured claim of North American Savings Bank, FSB ("NASB") (claim 10), secured by a first position lien on the Debtor's homestead, as perfected by a recorded deed of trust. Debtor has made two post-petition payments on the mortgage.

The Debtor will retain his interest in the residence and proposed to treat the secured claim as follows:

The Debtor will resume payments of $1,825.33 per month on the regular monthly mortgage payment (principal, interest, and escrow) beginning in April 2023.  This amount is subject to periodic adjustment by NASB to account for a sufficient escrow cushion and NASB shall provide notice of no less than 30 days for any increase or decrease in the monthly payments greater than $25 per month.

There would exist a post-petition arrearage claim of $9512.66 (4 missed payments of $1825.33 plus the date of filing arrearage of $2,211.34) that shall be paid with 0% interest, $264.25 monthly payments for 24 months beginning in June 2023.

2

**NASB shall retain its lien on the collateral to the extent of the allowed amount of such claim pursuant to 11 U.S.C. §1129(b)(2)(A)(i).**

2.6    **CLASS 6-** General Unsecured Claim for <u>Educational Credit Management Corporation</u> ("ECMC") (Student Loans)

Class 6 consists of Claim 9 filed by ECMC for student loan obligations of the Debtor. The Debtor reserves the right to file an adversary proceeding to seek a discharge of these student loan obligations. The Debtor shall make payments of $**500** per month with 4.0% interest (the contractual rate provided in the proof of claim) to Class 6 creditors for the 5 years of the plan, beginning with payments in year 1, and increasing in steps in years 4 and 5 to $1500/month (year 4) and $2000/month (year 5) as anticipated in the attached cash flow projections. Absent an adversary for a discharge of the student loan obligations, the Debtor agrees that this obligation shall survive the Chapter 11 Plan and that the Debtor shall not receive a discharge on any unpaid portion of this debt. Debtor reserves the right to apply for any government funded student loan elimination or discharge program available under the law during the course of this plan.

Additionally, the Debtor proposes to contribute one half of his net annual bonus (typically received in February following the end of the Debtor's firm's fiscal year) to pay to Class 8 Creditors.

2.7    **CLASS 7**- General Unsecured Claims

Class 7 consists of general unsecured claims for various creditors listed on Schedule F. The following creditors have filed proofs of claim or are expected to file claims prior to any hearing on confirmation:

<u>Nebraska Furniture Mart</u> (Claim 3, unsecured portion of claim); <u>The Internal Revenue Service</u> (Claim 2, the unsecured portion of its claim), <u>Discover Bank</u> (Claim 4), Chase (Claim 5), <u>Synchrony Bank</u> (Claim 6), Synchrony Bank (Claim 7), <u>Ashley Funding Services</u> (Claim 8), <u>Michael Cox</u> (no claim on file yet). These claims total approximately $26,000

These claims will be paid during the Debtor's Plan in the following way:

Class 7 Creditors shall receive total payments of $300 per month for months 31-60 of the plan following payment in full of Class 1 administrative costs, $500 per month in year 4, and $800 per month in year 5.

**PLAN ARTICLE 3
IMPLEMENTATION OF PLAN**

I.    TREATMENT OF U.S. TRUSTEES FEES

All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be paid timely until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustees Fees owed on or before the effective date of this Plan will be paid on the effective date.

II.    ALLOWANCE AND DISALLOWANCE OF CLAIMS

A.    Disputed Claims

A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in

3

interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or liquidated.

    B.      Settlement of Disputed Claims

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

III.      PROVISION FOR EXECUTORY CONTRACT AND UNEXPIRED LEASES

The Debtor assumes the following executory contracts and/or unexpired leases:

(None)

Assumption means the Debtor has elected to continue to perform the obligations under such executory contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code. If you object to the assumption of your expired lease or executory contract, the proposed cure of any defaults, or adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

IV.      MEANS OF IMPLEMENTING THE PLAN

The Debtor shall make direct payments monthly to creditors per the provisions above, unless otherwise noted, from his monthly income. The Debtor has, in March 2023, sold 239 shares of restricted stock for a gross distribution of $20,626.53 and an approximate net of $12,000 after taxes. He anticipates seeking the same option after October 2023 provided the stock price remains equivalent. This is reflected in the cash flow projections attached.

V.      EFFECT OF CONFIRMATION OF PLAN

    **A.**      Confirmation

The Debtor is an individual. The effect of confirmation of the plan is treated in 11 U.S.C § 1141.

    **B.**      Modification of Plan

The Debtor may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new Disclosure Statement and/or re-voting on the Plan. The Debtors may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and hearing.

    **C.**      Final Decree

Once the Estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Debtor shall file a Motion with the Court to obtain a Final Decree to close the case. Alternatively, the Court may enter such a Final Decree on its own Motion.

    **D.**      Discharge of Debtor

Pursuant to 11 U.S.C. §1141(d)(5), the Debtor will not receive a discharge until all payments have been made under the plan.

Upon substantial consummation of the plan, the Debtor may move for entry of a final decree in order to close the case and stop the assessment of quarterly fees payable to the U.S. Trustee.

The Debtor may then reopen the case in order to file a motion for entry of discharge once all payments under the plan are completed.

Dated: March 15, 2023

Respectfully submitted,
WM Law

s/ Ryan A. Blay
Ryan A. Blay, MO #KS001066; KS #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
bankruptcy@wagonergroup.com
blay@wagonergorup.com
ATTORNEY FOR DEBTOR

5

## **PLAN EXHIBIT A**
## LIQUIDATION ANALYSIS

| Assets: | | | |
|---|---|---|---|
| Homestead Real Estate FMV listed: $333,435 less 7% for costs of theoretical sale | $310,094.55 | | |
| 2018 Chevrolet Colorado | $29,497.50 | | |
| Furniture and personal property, All Used | $6,800 | | |
| Bank accounts + Acorns | $2629.76 | | |
| Total Value[1] | $349,021.81 | | |
| | | | |
| Less | | | |
| Secured claims ($220,373.30) | $125,288.51 | | |
| Minus exemptions ($15,000 on real estate, $3000 personal property, $3,000 on vehicle, $600 wild card) | $103,688.51 | | |
| Less Hypothetical Chapter 7 Trustee Fees | | | |
| 25% of $5,000 = $1,250 | | | |
| 10% of $45,000 = $4,500 $4500 | | | |
| 5% of $53,688.51 = $2,684.42 total fees: $8435 | | | |
| Total Value minus Chapter 7 Fees and secured claims | $95,253.51 | | |
| | | | |
| Less | | | |
| Payments to priority creditors | $17,853.00 | | |
| Grand Total Value | $77,400.51 | | |
| | | | |
| There would be an approximate 90% distributions to general unsecured creditors under | | | |
| a theoretical Chapter 7 liquidation. | | | |
| **Therefore, the Plan as proposed satisfies the requirements of 11 U.S.C. § 1129(a)(7)(ii).** | | | |

---

[1] 401K of $267,810 not listed as it is fully exempt. Term life insurance policy not listed as cash value is $0

6

## PLAN EXHIBIT B
### PROJECTIONS OF CASH FLOW/EARNINGS
### POST CONFIRMATION PERIOD

|  | **Year 1** <br> **6/23 - 5/24** | **Year 2** <br> **6/24 - 5/25** | **Year 3** <br> **6/25 - 5/26** | **Year 4** <br> **6/26 - 5/27** | **Year 5** <br> **6/27 - 5/28** |
|---|---|---|---|---|---|
| **Net Income (Cerner, semi-monthly pay):** | $72,000 ($6,000/month) | $76,800 ($6,400/month) | $81600 ($6,800 per month) | $92,400 ($7,700 per month) – 401K loan with employer ended | $96,000 ($8,000 per month) |
| Additional Income: (stock options, net after tax) | $12,000, minus anticipated 2022 liabilities and adjustments to withholdings to prevent future liabiltiies | $12,000 (available after October 2023) | Excess from stock options from years 1 and 2 | Excess from stock options from years 1 and 2 | Excess from stock options from years 1 and 2 |
| **Expenses**: Living expenses from schedule J (excluding mortgage payment) | ($36000/year) ($3,000/mo) | ($36000/year) ($3,000/mo) | ($36000/year) ($3,000/mo) | ($36000/year) ($3,000/mo) | ($36000/year) ($3,000/mo) |
|  |  |  |  |  |  |
| **Plan Payments** |  |  |  |  |  |
| Administrative (Class 1) | $300/month ($3,600/year) | $300/month ($3,600/year) | $300/month ($1800/year) | $0 | $0 |
|  | **Year 1** <br> **6/23 - 5/24** | **Year 2** <br> **6/24 - 5/25** | **Year 3** <br> **6/25 - 5/26** | **Year 4** <br> **6/26 - 5/27** | **Year 5** <br> **6/27 - 5/28** |
| Wells Fargo Auto (Class 2) | $585.66/month ($7027.92/year) | $585.66/month ($7027.92/year) | $585.66/month ($7027.92/year) | $585.66/month ($7027.92/year) | $585.66/month ($2342.64/year) |
| Nebraska Furniture Mart (Class 3) | $28.98/month ($347.76/year) | $28.98/month ($347.76/year) | $28.98/month ($347.76/year) | $28.98/month ($347.76/year) | $0 |
| Internal Revenue Service (Class 4) | $271.53/month ($3258.36/year) | $271.53/month ($3258.36/year) | $271.53/month ($3258.36/year) | $271.53/month ($3258.36/year) | $0 |
| North American Savings Bank, FSB (Class 5) – Regular monthly payment | $1825.33/month ($21903.96/year) | $1825.33/month ($21903.96/year) | $1825.33/month ($21903.96/year)) | $1825.33/month ($21903.96/year) | $1825.33/month ($21903.96/year)) |
| North American Savings Bank, FSB (Class 5) – | $264.25/month ($3171/year) | $264.25/month ($3171/year) | $264.25/month ($3171/year) | $0 | $0 |

7

| | | | | | |
|---|---|---|---|---|---|
| Arrearage cure payment | | | | | |
| Educational Credit Management Corporation ("ECMC") – Class 6 Student Loans | $500/month ($6000/year) | $500/month ($6000/year) | $500/month ($6000/year) | $1500/month ($18,000/year) | $2000/month ($24,000/year) |
| General Unsecured Creditors (Class 7) | $0 | $0 | $300/month ($1800/year) | $500/month ($6000/year) | $800/month ($9600/year) |
| **Total Plan Payments** | **$3775.75/month $45309/year) Year 1** | **$3775.75 /month ($45309/year) Year 2** | **$3775.75 /month ($45309/year) Year 3** | **$4711.50/month ($56,538/year) Year 4** | **$4820.55/ month ($57,846.66) Year 5** |

**Assumptions:** 401K loan ends in year 3 of plan, providing further income to fund the plan. Debtor's income trends upward with no further tax liabilities.

Mortgage payment stays the same over time due to stabilizing house prices.

8