**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 22-41154-can11 |
| DAMON KYLE JONES, | ) | |
| DEBTOR. | ) | |

## DEBTOR'S INITIAL DISCLOSURE STATEMENT

### I.  INTRODUCTION

Damon Kyle Jones ("Debtor" and "Debtor-in-Possession") provides this Disclosure Statement to his creditors pursuant to 11 U.S.C. § 1125 of the Bankruptcy Code in connection with the solicitation of acceptances of his Chapter 11 Plan of Reorganization (the "Plan") filed with the United States Bankruptcy Court for the Western District of Missouri. The purpose of this Disclosure Statement is to provide creditors with adequate information with which to make an informed judgment when voting on the Plan.

This Disclosure Statement is not meant to take place of the Plan. To the extent that the Plan and this Disclosure Statement are or may be construed to be inconsistent, the Plan controls. Since creditors will be bound by the Plan if it is confirmed by the Bankruptcy Court, creditors are urged to read the Plan carefully and to consult with their attorneys about the Plan's effect on their claims. Capitalized terms used but not defined in this Disclosure Statement shall have the meaning ascribed to them by the Plan.

### II.  EXPLANATION OF CHAPTER 11, THE VOTING PROCEDURES AND CONFIRMATION OF THE PLAN

A. Confirmation of a Chapter 11 Plan

Chapter 11 of the Bankruptcy Code allows the Debtor to attempt to reorganize his financial affairs for its benefit and the benefit of their creditors and other parties in interest. The Debtor's filing of a petition under Chapter 11 triggers the automatic stay of 11 U.S.C. § 362 and bars all attempts to collect pre-petition claims from the Debtor, enforce liens on its properties or otherwise interfere with the Debtor's property. The filing of the petition also creates, and estate comprised of all legal and equitable interests of the Debtor in property as of the Petition Date.

The United States Trustee for the appropriate district may appoint a committee of unsecured creditors, from interested creditors, to represent the interests of unsecured creditors in the case. A committee has not been appointed in this Chapter 11 case.

The Plan is the method by which the Debtor proposes to satisfy the claims of creditors. The Plan provides for the classification and treatment of creditors and the disposition of Estate assets. To be confirmable, the Plan must meet the requirements listed in 11 U.S.C. § 1129(a) or (b). These include the requirements that: the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a Chapter 7 liquidation case, unless the creditor or

equity interest holder votes to accept the Plan; and the Plan must be feasible. The above is not an exhaustive list of the requirements listed in 11 U.S.C. § 1129 for confirmation.

B.  Who May Vote or Object?

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation have not been met. Some parties in interest, however, are not entitled to vote to accept or reject the Plan. A creditor or equity interest holder has right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed for voting purposes and (2) impaired.

Under 11 U.S.C. § 1124 a class is "impaired" if the legal, equitable or contractual rights attached to the claims or interest of that class are modified, other than by curing defaults in stated maturities or by payment in full in cash on the effective Date of the Plan.

C.  What is an Allowed Claim or an Allowed Equity Interest?

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either (1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest. When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court overruled the objection or allows the claim or equity interest for voting purposed under Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

The deadline for filing a proof of claim for governmental and non-governmental entities is July 1, 2020.

D.  What is an Impaired Claim or Impaired Equity Interest?

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is impaired under the Plan. As provided in 11 U.S.C. § 1124, a class is considered impaired if the Plan alters the legal, equitable or contractual rights of the members of that class.

E.  Who is Entitled to Vote?

The following typed of creditors and equity interest holders are not entitled to vote:

1. Holders of claims and equity interest that have been disallowed by an order of the Court;
2. Holder of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes;
3. Holders of claims or equity interest in unimpaired classes;
4. Holders of claims entitled to priority pursuant to Bankruptcy Code §§ 507(a)(2),(a)(3) and  (a)(8);
5. Holders of claims or equity interest in classes that do not receive or retain any value under the Plan;

6. Holders of administrative expenses.

Even if you are not entitled to vote on the Plan, you have a right to object to    confirmation of the Plan.

F. <u>Who Can Vote in More than One Class?</u>

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and may case one ballot for each claim.

G. <u>Votes Necessary to Confirm Plan</u>

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least on impaired class of creditors has accepted the Plan without counting the votes of any insiders within the class.

1. Votes Necessary for a Class to Accept the Plan

A class of claims accepts the Plan if both the following occur: (1) the holders of more than on-half of the allowed claims in the class, who vote, cast their voted to accept the Plan, and (2) the holders of at least two-thirds in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan. A class of equity interests accepts the Plan if the holders of at least two-thirds in amount of the allowed equity interest in the class, who vote, cast their votes to accept the Plan.

2. Treatment of Nonaccepting Classes

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner prescribed in section 1129(b). A Plan that binds nonaccepting classes in commonly referred to as a "cram down" plan. The Code allows the Plan to bind nonaccepting classes of claims or equity interest if it meets all the requirement for consensual confirmation except the voting requirement of Code § 1129(a)(8), does not "discriminate unfairly," and is "fair and equitable" toward each impaired class that has not voted to accept the Plan.

You should consult your own attorney if a "cram down" confirmation will affect your claim or equity interest, as the variation of this general rule are numerous and complex.

H. <u>Manner of Voting</u>

The holders of impaired claims are entitled to vote on the Plan and may cast their votes for or against the Plan by (a) completing, dating and signing the Ballot for Accepting or Rejecting the Plan (the "Ballot") accompanying this Disclosure Statement and (b) filing the Ballot with Debtor's counsel. A ballot is included with this Disclosure Statement. The Ballot may be filed in person or by mailing, emailing, or faxing the ballot to: WM Law, 15095 West 116th Street, Olathe Kansas 66062, phone 913-422-0909, fax 913-428-8549, email: blay@wagonergroup.com.

The Ballot which accompanies this Disclosure Statement does not constitute a proof of claim. If you are uncertain whether your claim has been correctly scheduled, you should check the Debtor's schedules which are on file with, and may be inspected at, the Clerk's Office, U.S. Bankruptcy Court for the Western District of Missouri; 400 E. 9th Street, Kansas City, MO 64106.

I.   Confirmation without Acceptance

Section 1129(b) of the Bankruptcy Code provides that the Plan may be confirmed by the Court, although not accepted by every impaired Class, if at least one impaired Class has accepted the Plan (without considering the voted of any insiders), and the Court find that the Plan does not discriminate unfairly and is fair and equitable to the rejecting Classes. Pursuant to §1129(b) the Debtor will request the Court to confirm the Plan if applicable requirements of § 1129 of the Bankruptcy Code have been met. In addition, the Debtor reserves the right pursuant to § 1126 of the Bankruptcy Code to request the Court to strike any rejection of the Plan by a holder of a Claim or Interest as not being filed in good faith.

J.   Hearing on Confirmation

The Confirmation Hearing will take place per the terms of the Order of the U.S. Bankruptcy Court. The hearing will take place before the Honorable Cynthia A. Norton, United States Bankruptcy Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, MO 64106.  All creditors and parties in interest will receive notification of the Confirmation Hearing. The Confirmation Hearing may be continued from time to time as accounted in open court on that date without further written notice to you. At the confirmation Hearing the Bankruptcy Court will determine whether the requirements for confirmation of the Plan have been satisfied. In confirmed, the Plan will become effective on the Effective Date, as defined in the Plan.


III.   DISCLAIMERS AND ENDORSEMENTS

This Disclosure Statement shall be approved by the Bankruptcy Court in accordance with § 1125 of the Bankruptcy Code and Bankruptcy Rule 3017 and is provided to each creditor entitled to vote on the Plan. This Disclosure Statement is intended to assist creditors whose Class is impaired in evaluating the Plan and in determining whether to accept or reject the Plan. Under the Bankruptcy Code, acceptance or rejection of the Plan may not be solicited unless a copy of this Disclosure Statement is furnished prior to or concurrently with solicitation. The Bankruptcy Court's approval of this Disclosure Statement does not constitute a recommendation by the Bankruptcy Court either for or against the Plan. This Disclosure Statement contains information supplementary to the Plan and is not intended to take the place of the Plan. Each creditor is strongly urged to study the Plan carefully with its own counsel to determine the Plan's impact on its interests. The financial information contained herein has not been certified by an independent auditor.

DEBTOR, HIS ATTORNEYS AND ADIVSORS ARE UNABLE TO WARRANT OR REPRESENT THAT THE INFORMATION CONTAINED HEREIN IS WITHOUT ANY INACCURACIES, ALTHOUGH GREAT EFFORT HAS BEEN MADE TO BE ACCURATE.

NOTHING CONTAINED IN THE PLAN SHALL BE DEEMED AN ADMISSION OR USED AGAINST DEBTORS IN ANY PENDING OR FUTURE LITIGATION. THE DISCLOSURE STATEMENT ALSO HAS NOT BEEN APPROVED OR DISAPPROVED BY THE SECURITIES OR EXCHANGE COMMISION NOR HAS THE COMMISSION PASSED UPON THE ACCURACY OR ADEQUACY OF THE STATEMENTS CONTAINED HEREIN.

NO REPRESENTATIONS CONCERNING THE DEBTOR ARE AUTHORIZED OTHER THAN AS SET FORTH IN THIS DISCLOSURE STATEMENT OR AUTHORIZED BY THE BANKRUPTCY COURT. ANY REPRESENTATION OR INDUCEMENT MADE TO SECURE ACCEPTANCE OF THE PLAN OTHER THAN AS CONTAINED IN THIS DISCLOSURE STATEMENT OR AUTHORIZED BY THE BANKRUPTCY COURT SHOULD NOT BE RELIED ON BY YOU IN ARRIVING AT YOUR DECISION, AND SUCH ADDITIONAL REPRESENTATION OR INDUCEMENT SHOULD BE REPORTED TO DEBTOR'S COUNSEL WHO SHALL FURNISH INFORMATION TO THE BANKRUPTCY COURT FOR SUCH ACTION AS MAY DEEMED APPROPRIATE.

IV.    BACKGROUND

The Debtor has undergone a substantial shift in income even after this case was filed.  When he first filed this Petition for Relief, he was employed by the Cerner Corporation.  However, since the filing, the Cerner Corporation merged into Oracle America, Inc.  In fact, Mr. Jones' paystubs still reflect that as "organization" he is listed with "Cerner Prod Mgmt (Cerner Product Management)", where he was a Senior Financial Alignment Executive.

Mr. Jones' pay rate with Cerner was $129,020.73 and his 2019 tax returns indicate W2 wages of $120,478, 2020 tax returns indicate $122,498, and 2021 returns (the most recent tax year filed) show $126,676.  Each year, tax returns also indicate $3,395 of income from the Jones Farm, a family farm in which Mr. Jones does not participate.

Paystubs from 2023 from Oracle reflect a Pay Rate of $134,623.62 yearly.  However, he also has restricted stock options which will vest in October of 2023 (and potentially into the future) and a 401K loan that ends with a final payment in July of 2025, allowing for approximately $760 per month in more income.

Debtor has faced personal issues and general financial struggles, including a breakup with a partner previously paying household expenses, which just mounted over time and caused him to be overwhelmed and unable to pay for his vehicle, his home mortgage, and other liabilities. The COVID-19 crisis also exacerbated the situation.  He now anticipates having sufficient income to withhold his income tax liabilities properly and avoid future liabilities as he did prior to 2020, as well as make payments under the Chapter 11 Plan of Reorganization he is proposing.  In 2019, the Debtor received a tax refund but that hasn't been true in the prior years before this case was filed.  The Debtor believes he went into a higher tax bracket and his liabilities increased as a result.  In any event, he anticipates resolving this without the need to borrow further, with the assistance of stock options.

The Debtor now has access to stock and is anticipating receipt of approximately $12,000 in funds from stock options to use to fund his Chapter 11 Plan.  These options were not available

to him pre-petition due to restrictions on vesting and the Cerner-Oracle merger.  He also will have an additional amount (expected to be the same, after withheld taxes) available after October 2022 he intends to withdraw after that date to support payments in years 2-5.

Debtor filed this case under Chapter 11 instead of Chapter 13 because of several reasons:
1.  He believes the treatment in payment on the student loan creditors (and unsecured creditors) is more advantageous in Chapter 11 than under the guidelines of a Chapter 13 plan filed in the Western District of Missouri;
2.  That although administrative costs may be higher in a Chapter 11 plan, he will save over time due to the substantial fees a Chapter 13 trustee would need, especially with the potential for paying his mortgage as a conduit payment.
3.  He believes the time he has been allowed to ascertain his current financial status in his current situation at Oracle and the timeframe proposed for repayments on his debts is better than the 60 month limit that would have been triggered immediately upon the filing of a Petition for Relief under Chapter 13.

The Debtor will propose a joint hearing on Final Approval of this Disclosure Statement and his Chapter 11 Plan.

Dated: March 15, 2023                    Respectfully submitted,
                                         WM Law

                                         s/ Ryan A. Blay
                                         Ryan A. Blay, MO #KS001066; KS #28110
                                         15095 W. 116th St.
                                         Olathe, KS 66062
                                         Phone (913) 422-0909 / Fax (913) 428-8549
                                         bankruptcy@wagonergroup.com
                                         blay@wagonergorup.com
                                         ATTORNEY FOR DEBTOR