**UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **DAMON KYLE JONES,** | ) | **Case No. 22-41154-CAN11** |
| | ) | |
| **Debtor.** | ) | |

**UNITED STATES TRUSTEE'S OBJECTIONS TO DEBTORS' DISCLOSURE
STATEMENT AND PLAN OF REORGANIZATION**

Pursuant to 28 U.S.C. § 586(a)(3) and 11 U.S.C. §§ 1125 and 1129, the United States

Trustee respectfully objects to the Debtor's Disclosure Statement (ECF Dkt. #46) and Plan of

Reorganization (ECF Dkt. #45).  In support hereof, the United States Trustee respectfully alleges

as follows:

1.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) over which the Court has

jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157.

2.    On September 14, 2022, the Debtor filed an individual case under Chapter 11 of the

Bankruptcy Code.

3.    Debtor is an individual wage-earner who does not appear to operate a business.

4.    Since filing Chapter 11, the Debtor has conducted his operations as a debtor-in-

possession pursuant to 11 U.S.C. §§ 1107 and 1108.

5.    On March 15, 2023 the Debtor filed a Disclosure Statement (the "Disclosure Statement")

and a Plan of Reorganization (the "Plan").

6.    The Court has since entered an order preliminarily approving the Disclosure Statement

and setting a joint hearing on the Disclosure Statement and Plan for May 2, 2023.

**Disclosure Objections**

7.  For the reasons set forth below, the United States Trustee contends that the Disclosure Statement portion is deficient and does not meet the "adequate information" standard set forth in 11 U.S.C. § 1125(a).  A disclosure statement contains adequate information if it contains information "of a kind, and in sufficient detail . . . that would enable [] a hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1).

8.  The "disclosure statement requirements are crucial to the effective functioning of the federal bankruptcy system.  Because creditors and the bankruptcy court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan, the importance of full and honest disclosure cannot be overstated." Ryan Operations G.P. v. Forrest Paint Co., 81 F.3d 355, 362 (3rd Cir. 1996).

9.  The Disclose Statement contains only minimal information about the Debtor's prior history, including the reasons causing the need to file this case

10. The Disclosure Statement fails to contain any meaningful financial information about the Debtors' ability to perform under the plan. Local Rule 3016-2(A) requires the Debtor to disclose financial information for the prior three years, and financial projections for at least three years post-petition.  The Disclosure Statements contains only bare information in a summary format regarding his salary.  This is not a small business case, and even if it were, the Debtor has not provided any projections (other than Schedules I and J). Essentially, the Debtor wants the supposed benefits of Chapter 11 relief over Chapter 13, without complying with Chapter 11's enhanced financial disclosure requirements.

11.  For example, the Plan proposes payments to unsecured creditors, but it fails to tell creditors how the amount of the payments were determined, and whether such payments comply with the calculation required by Section 1129(a)(15)(B).

12.  Accordingly, for these reasons, final approval of the Disclosure Statement should be denied.

**Confirmation Objections to the Plan**

13.  If any class of impaired creditors under the plan fails to affirmatively vote for the plan, the plan violates the absolute priority rule because the Debtor is not paying all such claims in full.  *See* 11 U.S.C. § 1129(a)(7).

14.  The last sentence of Paragraph 2.6 dealing with Class 6 refers to annual bonus payments to pay "Class 8" creditors.  However, there is no class 8.

15.  The Debtor proposes to treat ECMC (the Student Loan Creditor) in Class 6 substantially different from Class 7 (unsecured creditors) with regard to payment terms.  While it is proper to place these creditors in different classes due to the dischargeable nature of the debts, it is not permissible to treat them different financially as they are both general unsecured creditors.  Like Chapter 13, Chapter 11 prohibits unfair discrimination between similarly situated creditors in a confirmed plan. 11 U.S.C. § 1129(b)(1). Creditors are similarly situated if they have the same legal rights against the estate and the same level of priority.  *See In re American Trailer and Storage, Inc.*, 419 B.R. 412, 442-443 (Bankr. W.D. Mo. 2009) (collecting cases and setting forth 8th Circuit's four-part test for discrimination).  The Eighth Circuit has rejected that the dischargeable nature of the debt, standing alone, is a valid basis for discriminating between student loan and non-student loan unsecured creditors.  *In re Groves*, 39 F.3d 212, 216 (8th Cir. 1994).

The Bankruptcy Appellate Panel has concluded that discrimination between student loan and non-student loan general unsecured creditors likely violates three of the four parts of the Eight Circuit's discrimination test. *In re Jordahl*, 539 B.R. 567, 572-573 (B.A.P. 8th Cir. 2015). Although the Debtor's disclosure statement indicates that the Debtor filed under Chapter 11 in part to avoid this result, the Debtor has offered no justification for why similar provisions do not have the same applicability in Chapter 11, given the text of Section 1129(b)(1) and that the law of the circuit applies the same discrimination test in Chapter 11 and Chapter 13. Here, the Debtor proposes a much greater distribution to Class 6 then Class 7 (especially if the aforementioned bonus was meant for Class 6). Accordingly, the Plan does not comply with the Bankruptcy Code, and cannot be confirmed pursuant to 11 U.S.C. § 1129(a)(1).

16. The Plan and Disclosure Statement set forth such little financial information that the UST cannot determine if the plan complies with Section 1129(a)(11).

WHEREFORE, for the foregoing reasons, the United States Trustee respectfully requests the Court's order denying final approval of the Disclosure Statement, denying confirmation of the Plan of Reorganization, and for such further relief as may be just and proper.

Dated: April 24, 2023

Respectfully submitted,

DANIEL J. CASMATTA
ACTING UNITED STATES TRUSTEE

By: */s/ Adam E. Miller*
Adam E. Miller, Mo. Bar #65429
Trial Attorney
Office of the U.S. Trustee
400 East 9th St., Ste 3440

Kansas City, MO 64106
Telephone:  (816) 512-1940
Telecopier: (816) 512-1967
Email: adam.e.miller@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States Trustee's Objection to Debtor's Disclosure Statement and Plan of Reorganization was served upon all parties receiving electronic notification or by first-class mail, postage prepaid on all parties requesting service by mail this 24th day of April, 2023.

By: */s/ Adam E. Miller*
Adam E. Miller